UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.
    Case No. 06-CV-15573
    HON. GEORGE CARAM STEEH

KEVIN E. LAWRENCE,

    Defendant.

_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#5)

In this student loan case, the Government seeks to recover $3,381.27 from Defendant Kevin E. Lawrence. On May 10th, 2007, the Government moved for summary judgment arguing that Defendant failed to submit any legal defense in this action, and that there is no disputed issue of fact. On May 30th, 2007, Defendant, proceeding pro se, filed a Response to the Government's Motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

**I. Background**

In 1987, Defendant attended ITT Technical Institute in Fort Wayne, Indiana. Defendant funded his education with various loans. Also in 1987, an individual named "Kevin Lawrence" (Debtor) executed promissory notes (Notes) to obtain three Perkins loans (Loans) from ITT for $1,858.00 at an interest rate of 5% per year. The Loans were guaranteed under Title IV-E of the Higher Education Act of 1965, as amended. 20 U.S.C.

§§ 1087aa-1087ii; Federal Perkins Loan Program, 34 C.F.R. § 674. The Notes bound the Debtor to begin repayment to ITT in accordance with the terms of the Notes. On March 2nd, 1990, the Debtor defaulted on the loans. On July 27th, 1992, due to this default, the University assigned the rights and title of the Notes to the Department of Education pursuant to 20 U.S.C. § 1087cc(a)(5). On October 10th, 2006, the Department of Education executed a "Certificate of Indebtedness" and thereafter referred the matter to the Department of Justice to enforce collection. As of December 14th, 2006, the date of the filing of the Complaint, the Debtor owed a total of $3,381.27 in principal and interest.

In moving for summary judgment, the Government argues claims that the Loans are the Defendant's. Defendant responds that the Government made a mistake and that the Loans belong to a different "Kevin Lawrence." The Government has produced a copy of the signed Notes, a copy of the "Certificate of Indebtedness," and an affidavit of a Department of Education Loan Analyst verifying the Certificate. Defendant admits it is "possible" that he received the Loans, although he is "not positive" that it is his signature that appears on the Notes. Defendant asserts that he consolidated all of his loans upon graduation, and that he is not aware of any defaulted loans. To support his arguments, Defendant has produced a copy of a bill he received from the Department of Education.

## II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed

the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be

3

evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

### III. Analysis

To prevail on its claim, the Government must show that: 1) the Defendant signed the Notes, 2) the Government is the present owner or holder of the Notes, and 3) the Notes are in default. See U.S. v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001); see also U.S. v. Davis, 28 Fed. App'x 502, 503 (6th Cir. 2001). Here, the Government has established, in accordance with Rule 56(c), the three elements of the prima facie claim for recovery on a promissory note for a federal loan. The Notes establish that in 1987, "Kevin Lawrence" attended ITT and signed the Notes to secure the Loans. The Certificate of Indebtedness and the Affidavit establish that the Loans are in default, and that the Government holds the rights to the Notes. Defendant does not contest that the Government is the present holder of the Notes or that the Notes are in default. Rather, Defendant claims that the Notes do not belong to him.

In his Answer, Defendant states it is "possible" that he received the Loans although he is "not positive" that it is his signature that appears on the Notes. While Defendant does not admit the Loans are his, whether the Notes bear his signatures is a matter to which Defendant has knowledge or information - either he recognizes and identifies his signatures or he doesn't. In short, as Defendant's vague averment is not a denial, it is deemed to be an admission. See David v. Crompton & Knowles Corp., 58 F.R.D. 444, 446 (E.D. of Penn. 1973) (citing Mesirow v. Duggan, 240 F.2d 751, 756 (8th Cir. 1957)) ("An averment will be deemed admitted when the matter is obviously one as to which defendant has knowledge or information."); see also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and

4

Procedure § 1262 (West 2007).

Upon the Government's establishment of its prima facie case, the burden shifted to Defendant to produce "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 270. The Defendant has failed to produce specific facts to show there is a genuine factual issue with any of the elements of the Government's claim. Rather, Defendant makes conclusory allegations which are not supported by any evidence.

Defendant argues that the Loans are not his and that the Government mistakenly attributed the Loans to him. Defendant claims similarities between himself and the defendant in Williams. U.S. v. Williams, No. 04-73603, 2005 WL 1343389, at *2-*3 (E.D. Mich. May 26, 2005) (finding summary judgment inappropriate where defendant produced enough evidence to raise an ambiguity regarding the defaulting student's identity). The defendant in Williams raised doubt as to whether the Government correctly identified him as the debtor by producing identification showing a different middle initial, birthday, and social-security number from those of the debtor. Id.

Here, unlike the defendant in Williams, Defendant merely argues that the Government made mistakes without supporting evidence as required under Rule 56(c). Id. Defendant merely claims that he consolidated all his loans upon graduation, that he would be aware if any of his loans were in default, and that he would have consolidated the Loans if they belonged to him. Defendant has failed to produce any documents in connection with these arguments. Defendant has produced a bill from the Government, but this bill only shows that he owes loans to the Government. Even if Defendant did consolidate some additional loans, consolidation does not prove that the subject Loans did

not belong to him. Defendant has failed to meet his burden of producing evidence that supports his theories that the Government mistakenly attributed the Loans to him or that he consolidated all of his loans and was not in default, thus failing to raise a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 248, 252. Accordingly,

Plaintiff's motion for summary judgment is hereby GRANTED. Judgment shall enter in favor of the Government and against defendant Kevin Lawrence in the amount of $3,381.27.

SO ORDERED.

Dated: June 11, 2007

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 11, 2007, by electronic and/or ordinary mail.

<u>s/Josephine Chaffee</u>
Deputy Clerk